# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:22-cr-335 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| JAYLEN HARRIS, ) | |
| ) | |
| DEFENDANT. ) | |

Before the Court is the motion of defendant Jaylen Harris ("Harris") (Doc. No. 98 (Motion for Return of Property)) for the return of personal property and approximately $5,000 in currency that law enforcement officers seized in the investigation of his case and at the time of his arrest. The United States of America (the "government") has filed a response in opposition to this motion and also moved for an order to apply the currency seized by law enforcement to Harris's restitution obligation. (Doc. No. 101 (Response).) Harris has filed a letter authorizing family members to collect any property which is released to him. (Doc. No. 105 (Letter).) For the reasons set forth herein, Harris's motion is GRANTED as to Harris's personal items and DENIED as to the $5,000 in currency, and the government's motion for an order to apply the currency seized to Harris's restitution obligation is GRANTED.

## I.     BACKGROUND

On July 31, 2023, the Court sentenced Harris to a term of 46 months in prison following his convictions of Conspiracy to Commit Sale or Receipt of Stolen Vehicles, in violation of 18 U.S.C. §§ 371, 2313, and related offenses (Doc. No. 96 (Judgment), at 1–2.) The Court also

ordered Harris to pay restitution in the total amount of $2,464,259.85 jointly and severally with his codefendants. (*Id.* at 5–7.) Before and during Harris's arrest, law enforcement seized clothing, a laptop, a watch, jewelry, and approximately $5,000 in currency from him. (Doc. No. 98, at 1.) This property is currently being held by law enforcement. (Doc. No. 101, at 1.)

## II. LAW AND ANALYSIS

Upon a motion from the government, 18 U.S.C. § 3664(n) allows a court to order "substantial resources from any source" to be paid toward restitution or other monetary penalties. Before a district court may grant such relief, it must determine the source of the funds and then determine whether the funds are sufficiently "substantial" to warrant garnishments. *United States v. Carson*, 55 F.4th 1053, 1056–57 (6th Cir. 2022).

In this case, the source of the funds is Harris's own assets at the time of his arrest. After being seized, the funds were held by law enforcement agencies pending further investigation and prosecution. (Doc. No. 101, at 2.) The Sixth Circuit instructs that "any source" includes outside sources, as opposed to "gradually accumulated prison wages." *Carson*, 55 F.4th at 1057. Therefore, the return of these funds would constitute resources from "any source," as contemplated by § 3664(n).

Furthermore, the funds are substantial. The Sixth Circuit defines "substantial" as a "ample or considerable amount or size," "weighty," or of "real significance." *Carson*, 55 F.4th at 1057 (citing Substantial, *Oxford English Dictionary Online* (3d ed. 2022)). Additionally, the Sixth Circuit explained that "'substantial' is a relative term that requires courts to consider the economic circumstances of each inmate." *Id.* at 1058.

Here, Harris alleges that law enforcement officers seized approximately $5,000 in currency from him. (Doc. No. 98, at 1.) Thus, the currency constitutes a substantial payment from an outside

2

source, which falls under the scope of § 3554(n). *See Carson*, 55 F.4th at 1057 (noting that "if [the defendant] received $3,000 in cash payments from an outside source . . . , then the government might be entitled to the $3,000"); *id.* at 1058 ("To a prisoner receiving no more than a hundred dollars a month in wages, a cash deposit of $2,663.05 from outside sources would be 'substantial.'") (citing *United States v. Poff*, 781 F. App'x 593, 595 (9th Cir. 2019)). As such, the government's request that the $5,000 in currency be applied to Harris's outstanding restitution obligation is well taken.

The United States does not object the return of the defendant's clothing, laptop, watch, and jewelry. (Doc. No. 101, at 3.) Thus, the Court orders the return of these items.

### III. CONCLUSION

For the foregoing reasons, Harris's motion for return of property is GRANTED as to his personal items and DENIED as to the $5,000 in currency. The government's motion to apply the $5,000 in currency toward Harris's outstanding restitution is GRANTED. (Doc. No. 101, at 1.) Thus, the government is directed to remit the $5,000 in currency to the Clerk of the U.S. District Court for the Northern District of Ohio, where it is to be applied toward Harris's outstanding restitution obligation. Harris's personal items (clothing, laptop, watch, and jewelry) are in the possession of the FBI, and, as he has requested (Doc. No. 105), his mother or sister is permitted to pick them up from the FBI office in Cleveland, Ohio.

**IT IS SO ORDERED**.

Dated: October 31, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**