UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:22-cr-335-1 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| JAYLEN HARRIS, ) | |
| ) | |
| DEFENDANT. ) | |

On July 31, 2023, defendant Jaylen Harris ("Harris" or "defendant") was sentenced to an aggregate custody term of 46 months, following his guilty pleas to conspiracy to commit the sale or receipt of stolen vehicles, sale or receipt of stolen vehicles, possession of stolen mail, and illegal possession of a machine gun. (Doc. No. 96 (Judgment); *see* Doc. No. 75 (Plea Agreement); Minutes of Proceedings [non-document], 7/31/2023.) Now before the Court is defendant's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 114 (Motion).) Appointed counsel filed a notice of intent to not supplement the motion (Doc. No. 117 (Notice)), and plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 118 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In his motion, Harris asks the Court to reduce his sentence under Amendment 821, suggesting that he qualifies for a sentence reduction as a "zero point offender." (*See* Doc. No. 114, at 1.) Part B of Amendment 821 creates a new U.S.S.G. § 4C1.1 that permits a two-level reduction for certain offenders with zero criminal history points.[1] U.S.S.G. § 4C1.1. The Amendment, effective November 1, 2023, was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(d) and (e)(2).

Prior to sentencing, the Court ordered the preparation of a Presentence Investigation Report ("PSR"). (*See* Doc. No. 92 (Final PSR).) According to the PSR, the base offense level was 6. (*See id*. at 13 ¶ 43.) A 16-level increase was applied because the loss attributable to defendant was more than $1,500,000.00. (*See id*. at 13 ¶ 44.) Additional adjustments included: (1) a 2-level increase, pursuant to U.S.S.G. § 2B1.1(b)(4), because the offense involved stolen property; (2) a 2-level increase, pursuant to U.S.S.G. § 2B1.1(b)(15)(A), because the offense involved an organized scheme; (4) a 3-level increase, pursuant to U.S.S.G. § 2B1.1(b), for defendant's leadership role in the scheme; and (5) a 3-level reduction for acceptance of responsibility. (*See id.* at 13–14 ¶¶ 45–46, 48, 62–63.) With the adjustments, the total offense level was 26. (*See id.* at 14 ¶ 64.) Harris had no prior criminal record and, therefore, no criminal history points were scored. He was,

---

[1] Specifically, § 4C1.1 allows for the two-level downward adjustment provided the offender meets *all* of the following criteria: (1) the defendant did not receive any criminal history points; (2) the defendant did not receive an adjustment under § 3A1.4; (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1; (9) the defendant did not receive an adjustment under § 3A1.1; and (10) the defendant did not receive an adjustment under § 3B1.1 (aggravating role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *See* § 4C1.1(a)(1)–(10).

therefore, determined to be a criminal history category I. (*See id* at 15 ¶¶ 68–69.) The advisory guideline range at offense level 26, criminal history category I, was 63 to 78 months. (*See id*. at 19 ¶ 94.)

In the parties' Rule 11(c)(1)(B) plea agreement, however, they agreed to a stipulated guideline computation which was lower than the properly calculated guideline range in the PSR. (Doc. No. 75, at 5 ¶ 15.) Under the terms of the agreement, the total offense level was 23 with a criminal history category of 1, resulting in a guideline line imprisonment range of 46 to 57 months. (*Id*. at 5–6 ¶¶ 15–16.) The Court honored the parties' plea agreement and varied downward to a total offense level of 22, criminal history category 1, resulting in an advisory sentencing range of 41 to 51 months. (*See* Doc. No. 97 (Statement of Reasons), at 1.) The Court sentenced Harris to a mid-range custody sentence of 46 months. (*See* Doc. No. 96.)

Even though Harris was assessed zero criminal history points, he is disqualified from receiving any relief under Part B of Amendment 821 because he used a firearm in connection with the offense, one of the nine exceptions to Part B. *See* U.S.S.G. § 4C1.1(a)(7). In particular, he pleaded guilty to Count 7 of the indictment, charging illegal possession of a machine gun, in violation of 18 U.S.C. §§ 922(o), 924(a)(2). (*See* Doc. No. 75, at 4 ¶¶ 8, 9, Attach. A, at 15; *see also* Doc. No. 96; Doc. No. 13 (Indictment).) He is, therefore, ineligible for a sentencing reduction based on Part B of Amendment 821 concerning "zero point offenders."

Accordingly, the Court finds that Harris is not entitled to a reduced sentence under Part B of Amendment 821. Because he is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. §

3

3553(a) justify reducing the sentence.[2]

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 114) is DENIED.

**IT IS SO ORDERED**.

Dated: May 9, 2024

                                             **HONORABLE SARA LIOI**
                                             **CHIEF JUDGE**
                                             **UNITED STATES DISTRICT COURT**

---

[2] As such, the Court need not consider the government's alternative argument that Harris should be held to the terms of his below-guidelines negotiated plea agreement. (*See* Doc. No. 118, at 6.) It is worth noting, however, that Harris already received a substantial benefit by virtue of the Rule 11(c)(1)(B) agreement. By honoring the parties agreement and not applying the enhancements pursuant to U.S.S.G. §§ 2B1.1(b) and 2B1.1(b)(4), the advisory guideline range was reduced four levels from 63–78 months to 41–51 months. Had Harris been eligible for consideration under Amendment 821, the substantial benefit he received from his below-guidelines negotiated plea agreement would have factored heavily in the Court's determination of whether a further reduction was warranted under § 3582(c)(2).