UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-cr-335-1 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JAYLEN HARRIS, | ) | |
| DEFENDANT. | ) | |

On March 24, 2024, *pro se* defendant Jaylen Harris ("Harris" or "defendant") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 115 (§ 2255 Motion).)[1] Plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 119 (Response).) Harris did not file a reply in support of his motion, and the time for filing a reply has passed. (*See* Doc. No. 116 (Scheduling Order).) For the reasons that follow, Harris' motion to vacate is DENIED.

**I.     BACKGROUND**

In November 2021, federal law enforcement agents identified Harris as a seller of stolen vehicles. (Doc. No. 92 (Final Presentence Investigation Report ("PSR")), at 5 ¶ 14.) On February 10, 2022, agents executed search warrants at a Hilton Hotel in Cleveland, Ohio, where defendant

---

[1] The prison mailbox rule, announced in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), provides that a federal prisoner's *pro se* motion to vacate is ordinarily deemed filed on the date that it was submitted to prison mailing officials. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). While Harris' motion was filed on the docket on April 3, 2024, it was signed on March 24, 2024, and presumably submitted to prison mailing officials on this date. (*See* Doc. No. 115, at 13 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).)

and another individual were seen leaving. (*Id.* at 8–9 ¶ 25.) Both men were detained and agents recovered three bags in Harris' possession. (*Id.*) Harris admitted that the bags contained weapons, fraudulent checks, computers used to make fraudulent checks, and keys to stolen, high-end vehicles. (*Id.*) In one of the hotel rooms, agents also recovered a Glock pistol that had been modified with a plastic backplate, making it a fully automatic weapon. (*Id.*)

On June 23, 2022, a federal grand jury returned a nine-count indictment charging Harris with one count of conspiracy to commit sale or receipt of stolen vehicles, in violation of 18 U.S.C. §§ 371 and 2313; two counts of sale or receipt of stolen vehicles, in violation of 18 U.S.C. § 2313; one count of possession of stolen mail, in violation of 18 U.S.C. § 1708; and one count of illegal possession of a machine gun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). (Doc. No. 13 (Indictment).) With the assistance of counsel and the benefit of a plea agreement, Harris entered a guilty plea to the indictment on April 6, 2023. (Minutes of Proceeding [non-document], 4/6/2023; *see* Doc. No. 75 (Plea Agreement).)

The plea agreement contained a broad waiver provision restricting Harris' appellate rights, including his right to take a direct appeal and a collateral attack of his sentence. With respect to the latter, the waiver provision generally precluded the filing of a "proceeding under 28 U.S.C. § 2255." (Doc. No. 75, at 6 ¶ 18.) Carved out of the waiver was the right to appeal: "(a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in [the plea] agreement, using the Criminal History Category found applicable by the Court." (*Id.*) The waiver further provided that "[n]othing in [the waiver] shall act as a bar to [Harris] perfecting any legal

remedies [Harris] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id*. at 6–7 § 18.)

On July 31, 2023, the Court sentenced Harris to a custody term of 46 months, to be followed by three years of supervised release. (Doc. No. 96 (Judgment); Minutes of Proceedings [non-document], 7/31/2023.) Harris did not take a direct appeal from the Court's judgment, but he filed the present motion to vacate on March 24, 2024. In his motion, he raises three grounds for relief, each claiming violations of his Fourth Amendment rights associated with the various searches conducted in connection with the federal investigation in this case, including the February 10, 2022 search of the hotel. (*See* Doc. No. 115, at 4–7.)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "[T]he general rule [is]

that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) (citing *Bousley v. United States*, 523 U.S. 614, 621–22, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 167–68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998)).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id.* Indeed, "[b]ecause courts must be able to rely on a defendant's statements during a plea colloquy,

4

'allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Caruthers v. United States*, No. 3:07-cr-0635, 2008 WL 413631, at *5 (M.D. Tenn. Feb 12, 2008) (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)). Therefore, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Posey v. United States*, No. 3:20-cv-00121, 2020 WL 2129235, at *9 (M.D. Tenn. May 5, 2020) (quoting *Lemaster,* 403 F.3d at 221–22). That is because "[t]he plea colloquy process exists in part to prevent defendants from making such claims [of misrepresentation and a lack of understanding]." *Barnett v. United States,* No. 2:10-cr-116, 2017 WL 160896, at *4 (E.D. Tenn. Jan. 13, 2017) (citing *Ramos v. Rogers*, 170 F.3d 560, 560–66 (6th Cir. 1999)). "Otherwise, a defendant could plead guilty in the hope of obtaining favorable treatment during sentencing while reserving the right to raise all manner of constitutional claims if the result of the sentencing process was not as he had hoped." *Id.* at *7.

Accordingly, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed.

5

2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See generally Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Harris waived his right to bring a collateral attack on his sentence. Additionally, the uncontracted record demonstrates that the claims raised in the motion are not otherwise cognizable on a motion to vacate under § 2255.

III. **DISCUSSION**

A. **Harris' Fourth Amendment Claims are Waived**

The government argues that Harris is barred from pursuing his Fourth Amendment challenges in a § 2255 motion because he voluntarily forfeited this right pursuant to his plea agreement. (Doc. No. 119, at 3.) The Sixth Circuit has consistently held that plea agreement waivers of the right to appeal, including the right to bring motions under 28 U.S.C. § 2255, are generally enforceable. *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018); *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017); *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). As long as the appeal waiver agreement is made knowingly and voluntarily, courts will enforce the waiver. *See Morrison*, 852 F.3d at 490; *United States v. Fleming*, 239 F.3d 761, 764 (6th Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Here, Harris specifically waived his right to challenge the conviction or sentence

6

collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. (Doc. No. 75, at 6 ¶ 18.) During the change of plea hearing, the magistrate judge engaged Harris in a Fed. R. Crim. P. 11 colloquy, wherein after placing Harris under oath, the magistrate judge reviewed with him the plea agreement and the rights he was giving up by entering a guilty plea, including the rights he was forfeiting by means of the waiver provision, in order to insure that he understood those rights and that it was his intention to change his plea to guilty. (*See generally* Doc. No. 71 (Change of Plea Hearing Transcript), at 12–52; *id.* at 26–27 (limited to discussion of waiver in plea agreement); *see* Doc. No. 70 (Consent to Magistrate Judge); Doc. No. 68 (R&R); Doc. No. 74 (Order Accepting R&R).) Harris has not challenged the plea process or otherwise proven (or even suggested) that his plea was deficient in any way. Because Harris tendered a knowing, intelligent, and voluntary guilty plea, the waiver provision in the plea agreement is enforceable and serves to bar the present collateral attack. *See Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (enforcing plea agreement waiver on § 2255 motions where petitioners did "not challenge the plea colloquy . . . [or] deny that they knowingly and voluntarily entered" into the plea agreement). Accordingly, Harris' motion to vacate is denied for this reason alone.

**B. Harris' Fourth Amendment Claims are not Cognizable on Habeas Review**

Even if Harris had not waived his right to bring a § 2255 motion, he procedurally defaulted on his Fourth Amendment claims by never filing a motion to suppression with this Court. And, in any event, Fourth Amendment claims, such as those presented in Harris' motion, are not cognizable on habeas review. *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (holding that where a defendant had a full and fair opportunity to raise his Fourth Amendment claims in a state court proceeding but failed to do so, he is barred from raising them

in a federal habeas action). The Sixth Circuit has squarely held that *Stone* applies to Fourth Amendment claims brought in § 2255 motions. *Ray v. United States*, 721 F.3d 758, 761–62 (6th Cir. 2013). Because Harris could have raised his Fourth Amendment claims in a motion to suppress and on direct appeal but did not, he is not entitled to a merits assessment in a collateral § 2255 proceeding, and these claims must be denied for the additional reason that they are procedurally barred.

**IV.    CONCLUSION**

For the foregoing reasons, Harris' motion to vacate is denied. Further, for all of the same reasons, the Court finds that "reasonable jurists" would not debate the Court's denial of Harris' motion to vacate as procedurally barred and the claims therein waived. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 14, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**